LANKLER SIFFERT & WOHL LLP
ATTORNEYS AT LAW

500 FIFTH AVENUE
NEW YORK, N.Y. 10110-3398
WWW.LSWLAW.COM

TELEPHONE (212) 921-8399
TELEFAX    (212) 764-3701

March 21, 2018

Via ECF

Honorable Gregory H. Woods
U.S. District Court for the Southern District of New York
500 Pearl Street, Room 2260
New York, NY  10007-1312

   Re: *U.S. Securities and Exchange Commission* v.
     <u>Penn West Petroleum Ltd., et al.</u>, 17 Civ. 4866-GHW (S.D.N.Y.)

Dear Judge Woods:

  We represent Defendants Jeffery A. Curran and Todd H. Takeyasu (collectively, "Defendants") in the captioned action.  In accordance with the Court's Individual Rules of Practice in Civil Cases, we write to seek a 95-day extension of the deadline for completion of fact depositions in this action, with a concomitant adjustment of the remaining dates in the Civil Case Management Plan and Scheduling Order (the "Case Management Plan") entered by this Court on September 5, 2017.  (Dkt. 44.)  A schedule of the current and proposed dates, along with a proposed revision of the Case Management Plan, is appended to this letter.  This is the first request for an extension of time in this action.  Plaintiff U.S. Securities and Exchange Commission ("SEC") has authorized us to state that it does not oppose Defendants' request for extension of time.

  As demonstrated by the unopposed motion for issuance of letters rogatory that was filed earlier today, the SEC and Defendants (collectively, the "Parties") have been able to work together cooperatively and professionally during fact discovery.  The current application thus reflects no more than the complexity of this cross-border action and the unanticipated difficulties that have arisen—through no fault of any of the current or former parties to this action—in connection with document discovery.

  To begin with the cross-border complexities, the unopposed letters rogatory motion seeks judicial assistance from various Canadian courts to conduct the examination of no fewer than 25 Canadian nationals (the "Letters Rogatory Witnesses") with knowledge relevant to the resolution to this action.  Moreover, those 25 examinations are in addition to the ten examinations of individuals who have agreed, or can be compelled by this Court, to provide testimony.  Even if the state of document discovery were such as to enable Defendants to be ready for those 35 examinations to commence—and, for the reasons discussed below, Defendants maintain that it is not—they could

**LANKLER SIFFERT & WOHL LLP**

Hon. Gregory H. Woods
March 21, 2018
Page 2

not realistically be concluded before the current deposition cut-off of August 6, 2018.

That is so because before the 25 Letters Rogatory Witnesses can be examined, orders of a Canadian court must be obtained and those depositions must be scheduled with counsel for the witnesses, one of whom alone represents at least 15 of the witnesses. And while, as demonstrated in today's letters rogatory motion, the Parties have worked extensively and cooperatively to lay the groundwork for the prompt issuance of the necessary orders, even if the orders are issued promptly, it is clear that scheduling the depositions with all relevant parties will take more time than remains in the discovery schedule. As a result, and taking into account the availability of these third-party witnesses and their counsel during the summer months, the number of depositions needed and the cross-border complexities in scheduling them are alone sufficient to support extension of the deposition deadline into the fall.

Further still, the state of document discovery in this action is such that Defendants will not be in a position to commence depositions of the 35 witnesses at issue until late May at the earliest. At the time the current discovery schedule was put in place in September 2017, it was expected that: (i) the vast majority of relevant documents had already been obtained by the SEC during its investigation; (ii) those documents could be made available to Defendants in a readily reviewable form shortly after Defendants' first document requests were served in October 2017; and (iii) any remaining categories of documents would not be voluminous and would be produced by, or shortly after, year end. In the months since September, however, these expectations have proved too optimistic.

*First*, although the SEC timely responded to Defendants' first document requests by producing on November 20, 2017 approximately four million pages comprising documents obtained by the SEC from Penn West and other third parties during the course of its investigation (the "Investigative Production"), Defendants shortly thereafter brought to the SEC's attention several issues that, in the Defendants' view, hinder their ability to search for, review and categorize documents, and their ability to reproduce a document, with an accurate production number, for use in depositions, motion practice, or at trial. The SEC was able to correct one of the issues by reproducing the entire Investigative Production on December 21, 2017, but the other issues were described as originating with Penn West and therefore not something that can be addressed by the SEC. And while the SEC does not necessarily share Defendants' views on the significance of the remaining issues, the Parties and Penn West are continuing to confer on them.

*Second*, Defendants discovered and promptly reported to the SEC last month that there appeared to be a misalignment between the documents made available to Defendants by Penn West during the investigative process (which Defendants had believed to be a subset of the Investigative Production) and the documents produced by Penn West as part of the Investigative Production. After discussions with Penn West's counsel, it was determined that certain documents had been

**LANKLER SIFFERT & WOHL LLP**

Hon. Gregory H. Woods
March 21, 2018
Page 3

made available to one or both Defendants during the investigation, but had not been produced by Penn West to the SEC.  Moreover, it was further determined that the document that had alerted Defendants to the misalignment was not responsive to the search terms that had been used to generate Penn West's portion of the Investigative Production even though it was clearly relevant to the action—a discovery that called into question, at least from Defendants' perspective, the comprehensiveness of the Investigative Production with respect to the custodial documents of the prospective deponents.

Penn West solved the first aspect of the issue by producing a few days ago to all Parties the remaining documents that had previously been made available to one or both Defendants (with the exception of certain documents under review for privilege).  However, Defendants will not be able to determine whether there are likewise relevant documents not produced in the Investigative Production for other custodians previously searched, and will not have any custodial documents relating to eleven additional custodians (all of whom are prospective deponents), until Penn West makes a supplemental production that has been agreed to among the Parties and Penn West.  Here, too, the SEC does not necessarily share Defendants' views on whether the search terms previously used were inadequate, but agrees that a supplemental production is appropriate and itself has requested the production of certain additional documents.  And that supplemental production is not expected to be substantially completed for another six to eight weeks at the earliest, with rolling productions thereafter for documents under review for privilege.

As a result, document discovery in this action is—through no fault of the Parties or Penn West—well behind schedule.  Although Defendants have sought to mitigate the delay by working as best they can with the existing productions of documents, they cannot appropriately prepare for depositions without having the documents that relate to those depositions—and time to review them.  Importantly, the orders contemplated for entry by the Canadian courts, should this Court grant Defendants' request for letters rogatory, specify that each witness will be deposed only once.  In addition, most of the witnesses to be examined are outside the subpoena power of this Court and therefore will be unavailable for trial.

Accordingly, Defendants respectfully request an extension of the deposition deadline in this action by 95 days—from August 6, 2018 to November 9, 2018.  In addition, Defendants respectfully request a concomitant adjustment, as set out in the attached schedule, of the remaining dates specified in the Case Management Plan.  Defendants are confident that the Parties and Penn West will continue to work together cooperatively to minimize the likelihood of a need for further requested extensions.  Defendants also stand ready to provide—either in writing or at a conference—any additional information that the Court would find helpful in considering Defendants' application.

**LANKLER SIFFERT & WOHL LLP**

Hon. Gregory H. Woods
March 21, 2018
Page 4

                Respectfully,

| | |
|---|---|
| /s/ Richard F. Albert | /s/ Helen Gredd |
| Richard F. Albert | Helen Gredd |
| Jasmine Juteau | Leigh G. Llewelyn |
| MORVILLO ABRAMOWITZ GRAND | Lise Rahdert |
| IASON & ANELLO P.C. | LANKLER SIFFERT & WOHL LLP |
| 565 Fifth Avenue | 500 Fifth Avenue |
| New York, New York 10017 | New York, New York 10110 |
| Tel: (212) 856-9600 | Tel: (212) 921-8399 |
| Fax: (212) 856-9494 | Fax: (212) 764-3701 |
| ralbert@maglaw.com | hgredd@lswlaw.com |
| jjuteau@maglaw.com | lllewelyn@lswlaw.com |
| | lrahdert@lswlaw.com |
| *Counsel for Defendant Todd H. Takeyasu* | *Counsel for Defendant Jeffery A. Curran* |

cc: All Counsel of Record (via ECF)

**APPENDIX**

| Current Schedule | Proposed Schedule | |
|---|---|---|
| August 6, 2018 | November 9, 2018 | • Completion of fact depositions<br>• Service of requests to admit<br>• Service of contention interrogatories |
| September 5, 2018 | December 10, 2018 | • Completion of fact discovery |
| October 5, 2018 | January 18, 2019 | • Expert disclosures |
| November 20, 2018 | March 1, 2019 | • Rebuttal expert disclosures |
| January 17, 2019 | April 19, 2019 | • Completion of expert discovery |
| January 19, 2019 | April 22, 2019 | • Joint status letter to the Court |
| January 28, 2019 | April 29, 2019 | • Status conference |
| February 25, 2019 | May 24, 2019 | • Filing of motions for summary judgment |

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
U.S. Securities and Exchange Commission,          :
                                                  :
                              Plaintiff(s),       :
                                                  :         1: 17  -cv- 4866  -GHW
             -v -                                 :
                                                  :         DEFENDANTS' PROPOSED
Penn West Petroleum Ltd., d/b/a                   :         REVISED CIVIL CASE
Obsidian Energy Ltd., et al.,                     :         MANAGEMENT PLAN
                                                  :         AND SCHEDULING
                              Defendant(s).       :         ORDER
                                                  :
------------------------------------------------------------------ X

GREGORY H. WOODS, United States District Judge:

This Civil Case Management Plan is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

1. All parties [consent ☐ / do not consent ☑] to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences. [*If all parties consent, the remaining paragraphs need not be completed. Instead, the parties should submit to the Court a fully executed Notice, Consent, and Reference of a Civil Action to a Magistrate Judge, available at* http://nysd.uscourts.gov/file/forms/consent-to-proceed-before-us-magistrate-judge.]

2. The parties [have ☑ / have not ☐] conferred pursuant to Fed. R. Civ. P. 26(f).

3. Alternative Dispute Resolution/Settlement

   a. Settlement discussions [have ☑ / have not ☐] taken place.

   b. Counsel for the parties have discussed an informal exchange of information in aid of early settlement of this case and have agreed upon the following:
      Counsel for the parties have previously discussed an informal exchange of information in aid of settlement and have previously exchanged such information.

   c. Counsel for the parties have discussed the use of the following alternate dispute resolution mechanisms for use in this case: (i) a settlement conference before a Magistrate Judge; (ii) participation in the District's Mediation Program; and/or (iii) retention of a private mediator. Counsel for the parties propose the following alternate dispute resolution mechanism for this case:
      Counsel for the parties have previously discussed settlement and do not believe that any formal alternate dispute resolution mechanism would be productive at this time.

d. Counsel for the parties recommend that the alternate dispute resolution mechanism designated in paragraph 3(c) be employed at the following point in the case (*e.g.*, within the next 60 days; after the deposition of plaintiff is completed (specify date); after the close of fact discovery):
   After the close of fact discovery.

e. The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

4. Except for amendments permitted by Fed. R. Civ. P. 15(a)(1) and this Court's Individual Rules of Practice in Civil Cases ("Individual Rules"), amended pleadings may not be filed and additional parties may not be joined except with leave of the Court. Any motion to amend or to join additional parties shall be filed within  N/A  days from the date of this Order. [*Absent exceptional circumstances, a date not more than 30 days following the initial pretrial conference.*]

5. Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed no later than  N/A  days from the date of this Order. [*Absent exceptional circumstances, within 14 days of the parties' conference pursuant to Rule 26(f).*]

6. [*If applicable*] The plaintiff(s) shall provide HIPAA-compliant medical records release authorizations to the defendant(s) no later than  N/A .

7. Fact Discovery

   a. All fact discovery shall be completed no later than  December 10, 2018 . [*A period not to exceed 120 days, unless the Court finds that the case presents unique complexities or other exceptional circumstances.*]

   b. Initial requests for production of documents pursuant to Fed. R. Civ. P. 34 shall be served by  October 5, 2017 .

   c. Interrogatories pursuant to Rule 33.3(a) of the Local Civil Rules of the Southern District of New York shall be served by  November 6, 2017 . No Rule 33.3(a) interrogatories need be served with respect to disclosures automatically required by Fed. R. Civ. P. 26(a).

   d. Unless otherwise ordered by the Court, contention interrogatories pursuant to Rule 33.3(c) of the Local Civil Rules of the Southern District of New York must be served no later than thirty (30) days before the close of discovery. No other interrogatories are permitted without prior express permission of the Court.

   e. Depositions pursuant to Fed. R. Civ. P. 30, 31 shall be completed by
      November 9, 2018 .

   f. Requests to admit pursuant to Fed. R. Civ. P. 36 shall be served by
      November 9, 2018 .

2

g.  Any of the deadlines in paragraphs 7(b), (c), (e), and (f) may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 7(a).

8.  Expert Discovery

  a.  Anticipated types of experts, if any:
  The parties anticipate providing expert testimony on the following subjects at the liability and/or relief, if any, stages of the case: Accounting; Industry Standards/Practices; Internal Accounting Controls; Industry Research Analysis; Materiality; Management Responsibilities Sarbanes-Oxley; Compensation and Clawback; Calculation of Financial Impact, if any; Calculation of Ill-Gotten Gains, if any.

  b.  All expert discovery shall be completed no later than April 19, 2019.
  [*Absent exceptional circumstances, a date 45 days from the date in paragraph 7(a) (e.g., the completion of all fact discovery). Omit unless types of experts are identified.*]

  c.  Every party-proponent of a claim (including any counterclaim, cross-claim, or third-party claim) that intends to offer expert testimony in respect of such claim must make the disclosures required by Fed. R. Civ. P. 26(a)(2) by January 18, 2019. [*Absent exceptional circumstances, the date in paragraph 7(a) (e.g. the completion of all fact discovery).*] Every party-opponent of such claim that intends to offer expert testimony in opposition to such claim must make the disclosures required by Fed. R. Civ. P. 26(a)(2) by March 1, 2019. [*Insert date; typically two weeks following preceding date.*]

  d.  No expert testimony (whether designated as "rebuttal" or otherwise) will be permitted by other experts or beyond the scope of the opinions covered by the aforesaid disclosures without the Court's express prior leave, application for which must be made no later than 10 days after the date specified in the immediately preceding sentence. All experts may be deposed, but such depositions must occur within the time limit set forth for expert discovery in paragraph 8(b).

9.  All counsel must confer to discuss settlement within 14 days following the close of fact discovery.

10. Motions for summary judgment, if any, shall be filed no later than May 24, 2019. [*Absent exceptional circumstances, 30 days after discovery closes.*] Pursuant to the authority of Fed. R. Civ. P. 16(c)(2) and the Court's Individual Rule 2(C), any motion for summary judgment will be deemed untimely unless a request for a pre-motion conference relating thereto is made in writing within one week after the close of discovery. The parties should review the Court's Individual Rule 2(C) for further details on the submission of, and responses to, pre-motion letters. In cases where the Court sets a post-discovery status conference, the parties may request that the previously scheduled conference also serve as the pre-motion conference.

11. The joint pretrial order shall be due 30 days from the close of discovery, or if any dispositive motion is filed, 21 days from the Court's decision on such motion. The filing of the joint pretrial order and additional submissions shall be governed by Fed. R. Civ. P. 26(a)(3) and the Court's Individual Rule 5.

12. This case [is ✓ / is not ☐ ] to be tried to a jury.

3

13. Counsel for the parties have conferred and their present best estimate of the length of trial is __3-4 weeks_____.

14. Other issues to be addressed at the Initial Pretrial Conference, including those set forth in Fed. R. Civ. P. 26(f)(3), are set forth below.
N/A
_____
_____

Counsel for the Defendants:

/s/ Richard F. Albert, counsel to Todd H. Takeyasu          /s/ Helen Gredd, counsel to Jeffery A. Curran

_____          _____

[*TO BE COMPLETED BY THE COURT:*]

The Court will hold a status conference on _____.
A joint letter updating the Court on the status of the case shall be filed on ECF by
_____. The letter should include the following information in separate paragraphs:

(1) all existing deadlines, due dates, and/or cut-off dates;

(2) a brief description of any outstanding motions;

(3) a brief description of the status of discovery and of any additional discovery that remains to be completed;

(4) the status of settlement discussions;

(5) the anticipated length of trial and whether the case is to be tried to a jury;

(6) whether the parties anticipate filing motions for summary judgment; and

(7) any other issue that the parties would like to address at the pretrial conference or any other information that the parties believe may assist the Court.

This Order may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. Any application to modify or extend the dates herein (except as provided in paragraph 7(g)) shall be made in a written application in accordance with the Court's Individual Rule 1(E) and shall be made no less than 2 business days prior to the expiration of the date sought to be extended.

SO ORDERED.

Dated:                                                                    _____
New York, New York                                                  GREGORY H. WOODS
                                                                          United States District Judge

4