USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/22/18

LANKLER SIFFERT & WOHL LLP
ATTORNEYS AT LAW

500 FIFTH AVENUE
NEW YORK, N.Y. 10110-3398
WWW.LSWLAW.COM

# MEMORANDUM ENDORSED

March 21, 2018

<u>Via ECF</u>

Honorable Gregory H. Woods
U.S. District Court for the Southern District of New York
500 Pearl Street, Room 2260
New York, NY 10007-1312

   Re: *U.S. Securities and Exchange Commission* v.
    <u>*Penn West Petroleum Ltd., et al.*</u>, 17 Civ. 4866-GHW (S.D.N.Y.)

Dear Judge Woods:

  We represent Defendants Jeffery A. Curran and Todd H. Takeyasu (collectively, "Defendants") in the captioned action. In accordance with the Court's Individual Rules of Practice in Civil Cases, we write to seek a 95-day extension of the deadline for completion of fact depositions in this action, with a concomitant adjustment of the remaining dates in the Civil Case Management Plan and Scheduling Order (the "Case Management Plan") entered by this Court on September 5, 2017. (Dkt. 44.) A schedule of the current and proposed dates, along with a proposed revision of the Case Management Plan, is appended to this letter. This is the first request for an extension of time in this action. Plaintiff U.S. Securities and Exchange Commission ("SEC") has authorized us to state that it does not oppose Defendants' request for extension of time.

  As demonstrated by the unopposed motion for issuance of letters rogatory that was filed earlier today, the SEC and Defendants (collectively, the "Parties") have been able to work together cooperatively and professionally during fact discovery. The current application thus reflects no more than the complexity of this cross-border action and the unanticipated difficulties that have arisen—through no fault of any of the current or former parties to this action—in connection with document discovery.

  To begin with the cross-border complexities, the unopposed letters rogatory motion seeks judicial assistance from various Canadian courts to conduct the examination of no fewer than 25 Canadian nationals (the "Letters Rogatory Witnesses") with knowledge relevant to the resolution to this action. Moreover, those 25 examinations are in addition to the ten examinations of individuals who have agreed, or can be compelled by this Court, to provide testimony. Even if the state of document discovery were such as to enable Defendants to be ready for those 35 examinations to commence—and, for the reasons discussed below, Defendants maintain that it is not—they could

**LANKLER SIFFERT & WOHL LLP**

Hon. Gregory H. Woods
March 21, 2018
Page 2

not realistically be concluded before the current deposition cut-off of August 6, 2018.

That is so because before the 25 Letters Rogatory Witnesses can be examined, orders of a Canadian court must be obtained and those depositions must be scheduled with counsel for the witnesses, one of whom alone represents at least 15 of the witnesses. And while, as demonstrated in today's letters rogatory motion, the Parties have worked extensively and cooperatively to lay the groundwork for the prompt issuance of the necessary orders, even if the orders are issued promptly, it is clear that scheduling the depositions with all relevant parties will take more time than remains in the discovery schedule. As a result, and taking into account the availability of these third-party witnesses and their counsel during the summer months, the number of depositions needed and the cross-border complexities in scheduling them are alone sufficient to support extension of the deposition deadline into the fall.

Further still, the state of document discovery in this action is such that Defendants will not be in a position to commence depositions of the 35 witnesses at issue until late May at the earliest. At the time the current discovery schedule was put in place in September 2017, it was expected that: (i) the vast majority of relevant documents had already been obtained by the SEC during its investigation; (ii) those documents could be made available to Defendants in a readily reviewable form shortly after Defendants' first document requests were served in October 2017; and (iii) any remaining categories of documents would not be voluminous and would be produced by, or shortly after, year end. In the months since September, however, these expectations have proved too optimistic.

*First*, although the SEC timely responded to Defendants' first document requests by producing on November 20, 2017 approximately four million pages comprising documents obtained by the SEC from Penn West and other third parties during the course of its investigation (the "Investigative Production"), Defendants shortly thereafter brought to the SEC's attention several issues that, in the Defendants' view, hinder their ability to search for, review and categorize documents, and their ability to reproduce a document, with an accurate production number, for use in depositions, motion practice, or at trial. The SEC was able to correct one of the issues by reproducing the entire Investigative Production on December 21, 2017, but the other issues were described as originating with Penn West and therefore not something that can be addressed by the SEC. And while the SEC does not necessarily share Defendants' views on the significance of the remaining issues, the Parties and Penn West are continuing to confer on them.

*Second*, Defendants discovered and promptly reported to the SEC last month that there appeared to be a misalignment between the documents made available to Defendants by Penn West during the investigative process (which Defendants had believed to be a subset of the Investigative Production) and the documents produced by Penn West as part of the Investigative Production. After discussions with Penn West's counsel, it was determined that certain documents had been

**LANKLER SIFFERT & WOHL LLP**

Hon. Gregory H. Woods
March 21, 2018
Page 3

made available to one or both Defendants during the investigation, but had not been produced by Penn West to the SEC. Moreover, it was further determined that the document that had alerted Defendants to the misalignment was not responsive to the search terms that had been used to generate Penn West's portion of the Investigative Production even though it was clearly relevant to the action—a discovery that called into question, at least from Defendants' perspective, the comprehensiveness of the Investigative Production with respect to the custodial documents of the prospective deponents.

Penn West solved the first aspect of the issue by producing a few days ago to all Parties the remaining documents that had previously been made available to one or both Defendants (with the exception of certain documents under review for privilege). However, Defendants will not be able to determine whether there are likewise relevant documents not produced in the Investigative Production for other custodians previously searched, and will not have any custodial documents relating to eleven additional custodians (all of whom are prospective deponents), until Penn West makes a supplemental production that has been agreed to among the Parties and Penn West. Here, too, the SEC does not necessarily share Defendants' views on whether the search terms previously used were inadequate, but agrees that a supplemental production is appropriate and itself has requested the production of certain additional documents. And that supplemental production is not expected to be substantially completed for another six to eight weeks at the earliest, with rolling productions thereafter for documents under review for privilege.

As a result, document discovery in this action is—through no fault of the Parties or Penn West—well behind schedule. Although Defendants have sought to mitigate the delay by working as best they can with the existing productions of documents, they cannot appropriately prepare for depositions without having the documents that relate to those depositions—and time to review them. Importantly, the orders contemplated for entry by the Canadian courts, should this Court grant Defendants' request for letters rogatory, specify that each witness will be deposed only once. In addition, most of the witnesses to be examined are outside the subpoena power of this Court and therefore will be unavailable for trial.

Accordingly, Defendants respectfully request an extension of the deposition deadline in this action by 95 days—from August 6, 2018 to November 9, 2018. In addition, Defendants respectfully request a concomitant adjustment, as set out in the attached schedule, of the remaining dates specified in the Case Management Plan. Defendants are confident that the Parties and Penn West will continue to work together cooperatively to minimize the likelihood of a need for further requested extensions. Defendants also stand ready to provide—either in writing or at a conference—any additional information that the Court would find helpful in considering Defendants' application.

LANKLER SIFFERT & WOHL LLP

Hon. Gregory H. Woods
March 21, 2018
Page 4

Respectfully,

/s/ Richard F. Albert
Richard F. Albert
Jasmine Juteau
MORVILLO ABRAMOWITZ GRAND
IASON & ANELLO P.C.
565 Fifth Avenue
New York, New York 10017
Tel: (212) 856-9600
Fax: (212) 856-9494
ralbert@maglaw.com
jjuteau@maglaw.com

*Counsel for Defendant Todd H. Takeyasu*

/s/ Helen Gredd
Helen Gredd
Leigh G. Llewelyn
Lise Rahdert
LANKLER SIFFERT & WOHL LLP
500 Fifth Avenue
New York, New York 10110
Tel: (212) 921-8399
Fax: (212) 764-3701
hgredd@lswlaw.com
lllewelyn@lswlaw.com
lrahdert@lswlaw.com

*Counsel for Defendant Jeffery A. Curran*

cc: All Counsel of Record (via ECF)

Application granted with modification.  The Court finds that there is good cause to extend the discovery deadlines in this case.  Accordingly, the discovery deadlines are extended as follows.  The deadline for completion of fact discovery is extended to December 10, 2018.  The deadline for completion of fact depositions, service of requests to admit, and service of contention interrogatories is extended to November 9, 2018.  The deadline for party-proponent expert disclosures is extended to January 18, 2019.  The deadline for party-opponent expert disclosures is extended to March 1, 2019.  The deadline for completion of expert discovery is extended to April 19, 2019.  The deadline for filing of motions for summary judgment is extended to May 24, 2019.  The status conference scheduled for January 28, 2019 is adjourned to May 2, 2019 at 3:30 p.m.  The joint status letter described in the Court's September 5, 2017 case management plan and scheduling order (Dkt. No. 44) is due no later than April 25, 2019.  Except as expressly modified by this order, the Court's September 5, 2017 case management plan remains in full force and effect.  The parties are reminded that, pursuant to paragraph 7(g) of that order, the parties may, with the written consent of all parties and without leave of Court, extend the deadlines for service of interrogatories, requests for production, depositions, and requests for admissions, provided that all fact discovery is completed by the deadline set forth herein.

SO ORDERED.

Dated: March 22, 2018
New York, New York

_____
GREGORY H. WOODS
United States District Judge