**LANKLER SIFFERT & WOHL LLP**
ATTORNEYS AT LAW

500 FIFTH AVENUE
NEW YORK, N.Y. 10110-3398
WWW.LSWLAW.COM

TELEPHONE (212) 921-8399
TELEFAX   (212) 764-3701

July 23, 2018

Via ECF

Honorable Gregory H. Woods
U.S. District Court for the Southern District of New York
500 Pearl Street, Room 2260
New York, NY 10007-1312

    Re: *U.S. Securities and Exchange Commission* v.
       <u>*Penn West Petroleum Ltd., et al.*, 17 Civ. 4866-GHW (S.D.N.Y.)</u>

Dear Judge Woods:

  We represent Defendants Jeffery A. Curran and Todd H. Takeyasu (collectively, "Defendants") in the captioned action and write for two purposes.  *First*, we wish to apprise this Court that the Court of Queen's Bench in the Province of Alberta, Canada, issued orders on July 12, 2018 enforcing the Letters Rogatory signed on April 15, 2018 regarding the examination of 25 citizens of Canada.

  *Second,* we respectfully seek, for the reasons discussed below, a 20-week extension of the deadline for completion of fact depositions in this action, with a concomitant adjustment of the remaining dates in the Civil Case Management Plan and Scheduling Order (the "Case Management Plan") entered on September 5, 2017 (Dkt. 44) and revised on March 22, 2018 (Dkt. 80).  A schedule of the current and proposed dates, along with a proposed revision of the Case Management Plan, are provided as Appendix A to this letter.  This is the second request for an extension of time in this action.  The Court granted the first request for an extension on March 22, 2018.  (Dkt. 80.)  Plaintiff U.S. Securities and Exchange Commission ("SEC") has authorized us to advise the Court that it takes no position on Defendants' request.

### Issuance of Orders Enforcing the Letters Rogatory

  As we have described in prior filings (Dkt. 77, 79), fact discovery in this action will include depositions of 36 individuals, all but one of whom are citizens of Canada.  While certain individuals have agreed to be examined without resort to formal process, the issuance of letters rogatory and orders enforcing the letters rogatory were needed to enable the examination of 25 prospective witnesses.  Upon Defendants' unopposed application, this Court issued letters rogatory directed to courts in the three Canadian provinces where the 25 witnesses resided.

  In applying for issuance of letters rogatory, Defendants described the parties' substantial and ongoing efforts to consult with counsel for the prospective witnesses to craft enforcement orders on terms that would be acceptable to the witnesses, and to obtain agreement of the witnesses who were residents of other provinces to submit to the jurisdiction of the Court of

LANKLER SIFFERT & WOHL LLP

Hon. Gregory H. Woods
July 23, 2018
Page 2

Queen's Bench in Alberta for purposes of the letters rogatory process. As Defendants explained, the ultimate goal was to enable a single Canadian court (rather than three separate courts) to enforce the letters rogatory, and to present that court with a proposed mechanism for enforcement that was unopposed by the 25 prospective witnesses so as to avoid the lengthy delay that would likely result from a contested application.

That goal was ultimately achieved, and an unopposed originating application regarding all 25 witnesses was filed with the Court of Queen's Bench in Alberta on June 15, 2018. In addition, Defendants sought and obtained leave to appear on the Queen's Bench Commercial List so that the application could be heard on an expedited timetable. A hearing was thereafter calendared for the first available date and held on July 12, 2018 before the Honourable Justice Keith Yamauchi of the Court of Queen's Bench. At the hearing, Justice Yamauchi granted Defendants' application and issued enforcement orders in the form requested. Copies of those orders appear in Appendix B to this letter.[1]

## Defendants' Proposed Schedule for Fact Depositions

As a result of those substantial and sustained efforts, a major obstacle to fact discovery in this cross-border action has now been removed. However, the production of documents needed by the parties to examine the 36 designated witnesses has proved to be challenging for Penn West and remains well behind schedule. Indeed, more than 3.8 million electronic images were produced by Penn West only within the past six weeks, with more than 1.5 million having arrived just last week. In addition, Penn West currently estimates that the production of previously requested documents will not be substantially complete for at least another 12 weeks and will involve no fewer than a million additional electronic images.[2]

That anticipated timetable is significantly different than it was when the parties wrote to the Court in March. At that time, the parties believed, based upon consultation with counsel for Penn West, that the company's remaining document production would begin in March and be substantially complete by mid-May. But, with immaterial exceptions, the remaining production

---

[1] As the enforcement orders reflect, 24 of the witnesses are to be examined in Calgary, and one is to be examined in Toronto, with the latter location reflecting an accommodation to a witness who recently relocated to Colombia. In addition, five other witnesses have agreed to be examined in Calgary without the need for letters rogatory, and negotiations are under way for a similar result with respect to a sixth witness with medical issues.

[2] The requested documents—most of which were sought by all parties to this action in requests that were formally made by the SEC on January 24 and February 26 and by Defendants on February 9—call for: (i) expanded searches of documents collected by Penn West during the investigation that preceded this action; (ii) the collection and searching of documents relating to additional individuals and time periods; and (iii) various other categories of documents that were not sought from Penn West prior to the commencement of this action. As of this writing, Penn West appears to have produced—albeit quite recently—documents in response to most of the requests made by the SEC (in which Defendants joined), but has yet to produce documents in response to most of the requests made by Defendants alone. Indeed, because of the prioritization Penn West followed in responding to document requests, it is not yet in a position to forecast the volume of documents responsive to many of Defendants' requests.

LANKLER SIFFERT & WOHL LLP

Hon. Gregory H. Woods
July 23, 2018
Page 3

did not begin until May 23 and, as noted above, is now expected to continue into mid-October. And although the parties do not doubt that Penn West has worked diligently to respond to their requests, the fact remains that many requested documents were produced only recently, and many more have yet to be produced.

Significantly, this is not an action in which the parties can expect another opportunity to elicit testimony from the 31 Canadian-based non-party witnesses. None of those witnesses can be compelled to appear in the U.S. for trial. As a result, the upcoming examinations are not merely fact discovery, but trial testimony as well, and will almost surely represent Defendants' only opportunity to examine the witnesses. Further still, the enforcement orders issued by Justice Yamauchi expressly require the examining parties to use "good faith best efforts . . . [to] provide in advance of the examination copies of records which the [parties] anticipate putting to the Witness in the examination." (App. B at ¶ 10.) That requirement, which was critical to many of the prospective witnesses in agreeing not to oppose Defendants' application before the Court of Queen's Bench, precludes the last-minute scramble that characterizes many U.S.-style depositions. It also underscores the need for affording the parties adequate time to review and analyze the voluminous and still incomplete record in this action.

Accordingly, Defendants seek an adjustment in the discovery schedule that balances the parties' collective desire to move forward as expeditiously as possible against their need for meaningful access to the relevant documents and the importance of not burdening dozens of Canadian witnesses with last-minute rescheduling of examination dates. Defendants thus respectfully request that the Court approve an extension of the discovery schedule that contemplates the following: (i) Penn West will complete its production of previously requested documents no later than October 26, 2018; (ii) Penn West will notify the parties and the Court no later than September 28, 2018 if that deadline cannot be met; (iii) the parties will in the interim continue preparation for depositions and will set in place an agreed-upon schedule with all fact witnesses for depositions commencing no later than November 28, 2018 and concluding no later than March 29, 2019; and (iv) the parties will further confer in the interim regarding the establishment of exhibit and examination protocols with the goal of ensuring that the Canadian examinations proceed as efficiently as possible and result in an orderly record for use in this action.[3]

Defendants stand ready to provide—either in writing or at a conference—any additional information that the Court would find helpful in considering Defendants' application.

---

[3] With respect to the lattermost, Defendants note that they have proposed and are in discussions with the SEC concerning a set of detailed draft protocols addressing, among other things: (i) the assembly of general categories of exhibits (*e.g.*, periodic filings, earnings call transcripts, etc.) as well as the assembly of exhibits specific to individual witnesses; (ii) procedures for marking those exhibits and making them electronically available, as needed, to individual witnesses in advance of examination; and (iii) procedures governing cross-referencing of exhibits with exhibits to investigative testimony.

LANKLER SIFFERT & WOHL LLP

Hon. Gregory H. Woods
July 23, 2018
Page 4

                                                                          Respectfully,

| /s/ Richard F. Albert | /s/ Helen Gredd |
|---|---|
| Richard F. Albert | Helen Gredd |
| Jasmine Juteau | Charles T. Spada |
| Kevin Casey | Lise Rahdert |
| MORVILLO ABRAMOWITZ | Samantha Reitz |
| GRAND IASON & ANELLO P.C. | LANKLER SIFFERT & WOHL LLP |
| 565 Fifth Avenue | 500 Fifth Avenue |
| New York, New York 10017 | New York, New York 10110 |
| Tel: (212) 856-9600 | Tel: (212) 921-8399 |
| ralbert@maglaw.com | hgredd@lswlaw.com |
| jjuteau@maglaw.com | cspada@lswlaw.com |
| kcasey@maglaw.com | lrahdert@lswlaw.com |
|  | sreitz@lswlaw.com |
| *Counsel for Defendant Todd H. Takeyasu* | *Counsel for Jeffery A. Curran* |

cc:  All Counsel of Record (via ECF)

# Appendix A

| Current Schedule | Proposed Schedule | |
|---|---|---|
| November 9, 2018 | March 29, 2019 | <ul><li>Completion of fact depositions</li><li>Service of requests to admit</li><li>Service of contention interrogatories</li></ul> |
| December 10, 2018 | April 29, 2019 | • Completion of fact discovery |
| January 18, 2019 | June 3, 2019 | • Expert disclosures |
| March 1, 2019 | July 19, 2019 | • Rebuttal expert disclosures |
| April 19, 2019 | August 30, 2019 | • Completion of expert discovery |
| April 25, 2019 | TBD | • Joint status letter to the Court |
| May 2, 2019 | TBD | • Status conference |
| May 24, 2019 | October 4, 2019 | • Filing of motions for summary judgment |

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
U.S. Securities and Exchange Commission,     :
                                             :
                          Plaintiff(s),      :
                                             :       1: 17  -cv- 4866  -GHW
              -v -                           :
                                             :       DEFENDANTS' PROPOSED
Penn West Petroleum Ltd., d/b/a              :       REVISED CIVIL CASE
Obsidian Energy Ltd., et al.,                :       MANAGEMENT PLAN
                                             :       AND SCHEDULING
                          Defendant(s).      :       ORDER
                                             :
------------------------------------------------------------------ X

GREGORY H. WOODS, United States District Judge:

      This Civil Case Management Plan is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

1. All parties [consent ☐ / do not consent ☑] to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences. [*If all parties consent, the remaining paragraphs need not be completed. Instead, the parties should submit to the Court a fully executed Notice, Consent, and Reference of a Civil Action to a Magistrate Judge, available at* http://nysd.uscourts.gov/file/forms/consent-to-proceed-before-us-magistrate-judge.]

2. The parties [have ☑ / have not ☐] conferred pursuant to Fed. R. Civ. P. 26(f).

3. Alternative Dispute Resolution/Settlement

    a. Settlement discussions [have ☑ / have not ☐] taken place.

    b. Counsel for the parties have discussed an informal exchange of information in aid of early settlement of this case and have agreed upon the following:
       Counsel for the parties have previously discussed an informal exchange of information in aid of settlement and have previously exchanged such information.

    c. Counsel for the parties have discussed the use of the following alternate dispute resolution mechanisms for use in this case: (i) a settlement conference before a Magistrate Judge; (ii) participation in the District's Mediation Program; and/or (iii) retention of a private mediator. Counsel for the parties propose the following alternate dispute resolution mechanism for this case:
       Counsel for the parties have previously discussed settlement and do not believe that any formal alternate dispute resolution mechanism would be productive at this time.

      d.    Counsel for the parties recommend that the alternate dispute resolution mechanism designated in paragraph 3(c) be employed at the following point in the case (*e.g.*, within the next 60 days; after the deposition of plaintiff is completed (specify date); after the close of fact discovery):
          After the close of fact discovery.

      e.    The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

4.    Except for amendments permitted by Fed. R. Civ. P. 15(a)(1) and this Court's Individual Rules of Practice in Civil Cases ("Individual Rules"), amended pleadings may not be filed and additional parties may not be joined except with leave of the Court. Any motion to amend or to join additional parties shall be filed within __N/A__ days from the date of this Order. [*Absent exceptional circumstances, a date not more than 30 days following the initial pretrial conference.*]

5.    Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed no later than __N/A__ days from the date of this Order. [*Absent exceptional circumstances, within 14 days of the parties' conference pursuant to Rule 26(f).*]

6.    [*If applicable*] The plaintiff(s) shall provide HIPAA-compliant medical records release authorizations to the defendant(s) no later than __N/A__.

7.    Fact Discovery

      a.    All fact discovery shall be completed no later than __April 29, 2019__. [*A period not to exceed 120 days, unless the Court finds that the case presents unique complexities or other exceptional circumstances.*]

      b.    Initial requests for production of documents pursuant to Fed. R. Civ. P. 34 shall be served by __October 5, 2017__.

      c.    Interrogatories pursuant to Rule 33.3(a) of the Local Civil Rules of the Southern District of New York shall be served by __November 6, 2017__. No Rule 33.3(a) interrogatories need be served with respect to disclosures automatically required by Fed. R. Civ. P. 26(a).

      d.    Unless otherwise ordered by the Court, contention interrogatories pursuant to Rule 33.3(c) of the Local Civil Rules of the Southern District of New York must be served no later than thirty (30) days before the close of discovery. No other interrogatories are permitted without prior express permission of the Court.

      e.    Depositions pursuant to Fed. R. Civ. P. 30, 31 shall be completed by __March 29, 2019__.

      f.    Requests to admit pursuant to Fed. R. Civ. P. 36 shall be served by __March 29, 2019__.

    g.    Any of the deadlines in paragraphs 7(b), (c), (e), and (f) may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 7(a).

8.    Expert Discovery

    a.    Anticipated types of experts, if any:
The parties anticipate providing expert testimony on the following subjects at the liability and/or relief, if any, stages of the case: Accounting; Industry Standards/Practices; Internal Accounting Controls; Industry Research Analysis; Materiality; Management Responsibilities Sarbanes-Oxley; Compensation and Clawback; Calculation of Financial Impact, if any; Calculation of Ill-Gotten Gains, if any.

    b.    All expert discovery shall be completed no later than August 30, 2019.
[*Absent exceptional circumstances, a date 45 days from the date in paragraph 7(a) (e.g., the completion of all fact discovery).* <u>Omit</u> *unless types of experts are identified.*]

    c.    Every party-proponent of a claim (including any counterclaim, cross-claim, or third-party claim) that intends to offer expert testimony in respect of such claim must make the disclosures required by Fed. R. Civ. P. 26(a)(2) by June 3, 2019. [*Absent exceptional circumstances, the date in paragraph 7(a) (e.g. the completion of all fact discovery).*] Every party-opponent of such claim that intends to offer expert testimony in opposition to such claim must make the disclosures required by Fed. R. Civ. P. 26(a)(2) by July 19, 2019. [*Insert date; typically two weeks following preceding date.*]

    d.    No expert testimony (whether designated as "rebuttal" or otherwise) will be permitted by other experts or beyond the scope of the opinions covered by the aforesaid disclosures without the Court's express prior leave, application for which must be made no later than 10 days after the date specified in the immediately preceding sentence. All experts may be deposed, but such depositions must occur within the time limit set forth for expert discovery in paragraph 8(b).

9.    All counsel must confer to discuss settlement within 14 days following the close of fact discovery.

10.    Motions for summary judgment, if any, shall be filed no later than October 4, 2019. [*Absent exceptional circumstances, 30 days after discovery closes.*] Pursuant to the authority of Fed. R. Civ. P. 16(c)(2) and the Court's Individual Rule 2(C), any motion for summary judgment will be deemed untimely unless a request for a pre-motion conference relating thereto is made in writing within one week after the close of discovery. The parties should review the Court's Individual Rule 2(C) for further details on the submission of, and responses to, pre-motion letters. In cases where the Court sets a post-discovery status conference, the parties may request that the previously scheduled conference also serve as the pre-motion conference.

11.    The joint pretrial order shall be due 30 days from the close of discovery, or if any dispositive motion is filed, 21 days from the Court's decision on such motion. The filing of the joint pretrial order and additional submissions shall be governed by Fed. R. Civ. P. 26(a)(3) and the Court's Individual Rule 5.

12.    This case [is ✓ / is not ☐ ] to be tried to a jury.

13.  Counsel for the parties have conferred and their present best estimate of the length of trial is <u>3-4 weeks</u>.

14.  Other issues to be addressed at the Initial Pretrial Conference, including those set forth in Fed. R. Civ. P. 26(f)(3), are set forth below.
<u>N/A</u>
_____
_____

Counsel for the Defendants:

<u>/s/ Richard F. Albert, counsel to Todd H. Takeyasu</u>   <u>/s/ Helen Gredd, counsel to Jeffery A. Curran</u>

_____   _____

[*TO BE COMPLETED BY THE COURT:*]

The Court will hold a status conference on _____.
A joint letter updating the Court on the status of the case shall be filed on ECF by _____. The letter should include the following information in separate paragraphs:

(1) all existing deadlines, due dates, and/or cut-off dates;

(2) a brief description of any outstanding motions;

(3) a brief description of the status of discovery and of any additional discovery that remains to be completed;

(4) the status of settlement discussions;

(5) the anticipated length of trial and whether the case is to be tried to a jury;

(6) whether the parties anticipate filing motions for summary judgment; and

(7) any other issue that the parties would like to address at the pretrial conference or any other information that the parties believe may assist the Court.

This Order may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. Any application to modify or extend the dates herein (except as provided in paragraph 7(g)) shall be made in a written application in accordance with the Court's Individual Rule 1(E) and shall be made no less than 2 business days prior to the expiration of the date sought to be extended.

SO ORDERED.

Dated:                                        _____
New York, New York                                    GREGORY H. WOODS
                                                    United States District Judge

4

# Appendix B

I hereby certify this to be a true copy of
the original Order
Dated this 12 day of July 2018
_X Salennee_
for Clerk of the Court

**FILED JUL 12 2018**

| | |
|---|---|
| COURT FILE NUMBER | 1801-08509 |
| COURT | QUEEN'S BENCH OF ALBERTA |
| JUDICIAL CENTRE | CALGARY |
| APPLICANTS | TODD TAKEYASU<br>JEFFERY CURRAN |
| RESPONDENTS | GORD AKER, WILLIAM ANDREW, CORY BAIN, LAURENCE BROOS, MARK CHYC-CIES, DAVID DYCK, CHRISTOPHER EVERETT, MARK FITZGERALD, GREGG GEGUNDE, BLAIR GRANT, WENDY HENKELMAN, DARREN JACKSON, CAM KING, MURRAY NUNNS, KEVIN RADOMSKE, DEREK RIEWE, GARY ROSS, GEOFFREY ROSSOS, RICHARD SCHILLER, JAMES SMITH, PAUL WEEVERS, MATTHEW WETMORE, GARRETT WILSON, RAJESH GHOSH, KIMBLE MEAGHER, THE U.S. SECURITIES AND EXCHANGE COMMISSION |
| DOCUMENT | **ORDER** |
| ADDRESS FOR SERVICE AND CONTACT INFORMATION OF PARTY FILING THIS DOCUMENT | PEACOCK LINDER HALT & MACK LLP<br>Suite 4050, 400 – 3rd Avenue SW<br>Calgary, Alberta, T2P 4H2<br>Gavin Matthews<br>Telephone (403) 296-2280<br>Fax (403) 296-2299<br>FILE: 5840 |

| | |
|---|---|
| DATE ON WHICH ORDER WAS PRONOUNCED: | July 12, 2018 |
| LOCATION WHERE ORDER WAS PRONOUNCED: | Calgary, Alberta |
| NAME OF JUSTICE WHO MADE THIS ORDER: | Hon. Justice K. Yamauchi |

### ORDER

**ON THE APPLICATION** of Todd Takeyasu and Jeffery Curran (the "**Applicants**") by Originating Notice for the enforcement of the Request of the United States District Court Southern District of New York, made by Letters Rogatory signed on April 15, 2018, attached hereto as **Exhibits A through C** to this Order, (the "**Letters Rogatory**") in Case 1:17-cv-04866 pending between the Respondent U.S. Securities and Exchange Commission ("**SEC**") and Todd Takeyasu and Jeffery Curran (the Applicants and the SEC are collectively referred to as the "**Non-Settling Parties**" to the "**U.S. Action**"); **AND UPON** review of the Affidavit of Helen Gredd, filed; **AND UPON** hearing from counsel for Todd Takeyasu and Jeffery Curran; **AND UPON** noting that the Respondents listed in Paragraph 1 and the Respondent SEC do not oppose

00378782v1

- 2 -

this Application; **AND UPON** noting that Respondents Rajesh Ghosh and Kimble Meager have elected through their legal counsel to attorn to the jurisdiction of the Court of Queen's Bench of the Province of Alberta for purposes of this Application

**IT IS HEREBY ORDERED THAT:**

The Letters Rogatory are hereby enforced according and subject to the following terms.

1. The following Respondents—Gord Aker, William Andrew, Cory Bain, Laurence Broos, Mark Chyc-Cies, Christopher Everett, Mark Fitzgerald, Gregg Gegunde, Blair Brant, Wendy Henkelman, Darren Jackson, Cam King, Muray Nunns, Kevin Radomske, Derek Riewe, Gary Ross, Geoffrey Rossos, Richard Schiller, James Smith, Paul Weevers, Matthew Wetmore, Garrett Wilson, Rajesh Ghosh, and Kimble Meagher— (hereinafter, each a "Witness") shall, on the date(s) and time(s) to be agreed upon by counsel for the Non-Settling Parties and the Witness, but no later than the date set for the completion of depositions in the U.S. Action, appear at the firm of Peacock Linder Halt & Mack LLP, located at Suite 4050, 400 3rd Avenue S.W., in the City of Calgary, or at such location as may be agreed to by all counsel, to give evidence under oath in the U.S. Action.

2. The Witness shall only be required to attend for examination for one consecutive questioning session pursuant to this Order, to a maximum of 15 hours over two consecutive days, or as may otherwise be agreed between the Non-Settling Parties and the Witness. Any further examination will require a further order of this Court or the agreement of the Witness, and the fact that the Witness did not object to this Order shall not be considered or used against the Witness.

3. The Witness shall be sworn or affirmed according to the provisions of the *Alberta Evidence Act* and shall answer all proper questions put to the Witness in the examination by counsel for the Non-Settling Parties that are within the Witness's personal knowledge and are relevant and material to the matters identified in the Letters Rogatory (**Exhibit A (Appendix III), Exhibits B and C**) and the allegations made and matters raised in the U.S. Action, as described in the Letters Rogatory. The validity of any objections shall be determined on application to this Court.

4. The examination of the Witness is to be conducted in accordance with the *Alberta Rules of Court* and the ordinary rules of evidence of the Province of Alberta.

5. The Witness may refuse to answer objectionable questions or may refuse to give evidence only insofar as the Witness has a privilege or duty to refuse to give evidence under the laws of Canada or the United States of America. Legal counsel for the Witness shall be entitled to attend the examination of the Witness and shall have standing to object to questions on behalf of the Witness.

6. The evidence of the Witness shall be taken down and audio recorded by a certified court reporter duly appointed under the *Alberta Rules of Court*. The examination of the Witness may also be video recorded.

7. The evidence given by the Witness pursuant to this Order shall only be used in this Action or the U.S. Action, and not for any other purpose, and the Non-Settling Parties shall provide their separate written undertaking not to use, or seek to use, the evidence given by the Witness pursuant to this Order for any purpose other than in this Action or the U.S. Action.

00378782v1

8. The evidence given by the Witness shall be deemed to be compelled and subject to the protections of compelled testimony contained in the *Canada Evidence Act*, the *Alberta Evidence Act*, and the *Canadian Charter of Rights and Freedoms*.

9. At least ten business days prior to the examination of the Witness, the Non-Settling Parties shall provide counsel for the Witness: (1) the Non-Settling Parties' best estimate of the length of time required for the examination of the Witness; (2) the order in which the Non-Settling Parties will question the Witness; and (3) subject to receipt of a Modified Non-Disclosure Agreement (as that term is defined in the Letters Rogatory), any transcript of questioning or interview previously conducted of the Witness by the Alberta Securities Commission or the SEC.

10. To the extent practicable and on the basis of counsel's good faith best efforts, and further subject to receipt of a Modified Non-Disclosure Agreement (as that term is defined in the Letters Rogatory), the Non-Settling Parties shall provide in advance of the examination copies of records which the Non-Settling Parties anticipate putting to the Witness in the examination. If a record is put to the Witness that was not provided in advance of the examination, the Witness shall be afforded the opportunity to consult with legal counsel prior to answering questions about the record; provided, however, that the Witness's review time shall not be included in the time limits described above in paragraph 2.

11. The Witness shall receive a witness allowance in accordance with section 56(4) of the *Alberta Evidence Act*, RSA 2000, c A-18, as prescribed in the *Alberta Rules of Court*, Alta Reg 124/2010, Schedule B, Division 3.

12. In addition, after completion of the examination, the Witness may request from the Applicants reimbursement for the Witness's additional reasonable and substantiated out of pocket costs for attendance at the examination, if any; provided, however, that any claimed out of pocket costs shall not include claims for wages or vacation reimbursement. If the Applicants believe that the amount sought is unreasonable or unsubstantiated, the Applicants may decline the request in whole or in part. In that event, the Witness shall have the right to seek an order from this Court directing reimbursement of the amount sought, and the Applicants shall have the right to oppose such order.

13. The Non-Settling Parties shall pay the reasonable disbursement costs related to the examination, including the cost of the court reporter, the cost of reproducing the transcript, and, if applicable, the cost of video recording the examination.

14. There shall be no costs of this application.

_____
Justice of the Queen's Bench of Alberta

00378782v1

I hereby certify this to be a true copy of the original Order

Dated this 12 day of July 2018

_____
for Clerk of the Court

**FILED JUL 12 2018**

| | |
|---|---|
| COURT FILE NUMBER | 1801-08509 |
| COURT | QUEEN'S BENCH OF ALBERTA |
| JUDICIAL CENTRE | CALGARY |
| APPLICANTS | TODD TAKEYASU<br>JEFFERY CURRAN |
| RESPONDENTS | GORD AKER, WILLIAM ANDREW, CORY BAIN, LAURENCE BROOS, MARK CHYC-CIES, DAVID DYCK, CHRISTOPHER EVERETT, MARK FITZGERALD, GREGG GEGUNDE, BLAIR GRANT, WENDY HENKELMAN, DARREN JACKSON, CAM KING, MURRAY NUNNS, KEVIN RADOMSKE, DEREK RIEWE, GARY ROSS, GEOFFREY ROSSOS, RICHARD SCHILLER, JAMES SMITH, PAUL WEEVERS, MATTHEW WETMORE, GARRETT WILSON, RAJESH GHOSH, KIMBLE MEAGHER, THE U. S. SECURITIES AND EXCHANGE COMMISSION |
| DOCUMENT | **ORDER** |
| ADDRESS FOR SERVICE AND CONTACT INFORMATION OF PARTY FILING THIS DOCUMENT | PEACOCK LINDER HALT & MACK LLP<br>Suite 4050, 400 – 3rd Avenue SW<br>Calgary, Alberta, T2P 4H2<br>Gavin Matthews<br>Telephone (403) 296-2280<br>Fax (403) 296-2299<br>FILE: 5840 |

| | |
|---|---|
| DATE ON WHICH ORDER WAS PRONOUNCED: | July 12, 2018 |
| LOCATION WHERE ORDER WAS PRONOUNCED: | Calgary, Alberta |
| NAME OF JUSTICE WHO MADE THIS ORDER: | Hon. Justice K. Yamauchi |

## ORDER

**ON THE APPLICATION** of Todd Takeyasu and Jeffery Curran (the "**Applicants**") by Originating Notice for the enforcement of the Request of the United States District Court Southern District of New York, made by Letters Rogatory signed on April 15, 2018, attached hereto as **Exhibit A** to this Order, (the "**Letters Rogatory**") in Case 1:17-cv-04866 pending between the Respondent U.S. Securities and Exchange Commission ("**SEC**") and Todd Takeyasu and Jeffery Curran (the Applicants and the SEC are collectively referred to as the "**Non-Settling Parties**" to the "**U.S. Action**"); **AND UPON** review of the Affidavit of Helen Gredd, filed; **AND UPON** hearing from counsel for Todd Takeyasu and Jeffery Curran; **AND UPON** noting that the Respondents David Dyck and the SEC do not oppose this Application;

00378783v1

- 2 -

AND UPON noting that the Respondent David Dyck has elected through his legal counsel to attorn to the jurisdiction of the Court of Queen's Bench of the Province of Alberta for purposes of this Application;

**IT IS HEREBY ORDERED THAT:**

The Letters Rogatory are hereby enforced according and subject to the following terms.

1. The Respondent David Dyck (hereinafter the "Witness") shall, on the date(s) and time(s) to be agreed upon by counsel for the Non-Settling Parties and the Witness, but no later than the date set for the completion of depositions in the U.S. Action, appear at the firm of Fasken Martineau LLP, located at Suite 2400, 333 Bay Street, in the City of Toronto, or at such location as may be agreed to by all counsel, to give evidence under oath in the U.S. Action.

2. The Witness shall only be required to attend for examination for one consecutive questioning session pursuant to this Order, to a maximum of 15 hours over two consecutive days, or as may otherwise be agreed between the Non-Settling Parties and the Witness. Any further examination will require a further order of this Court or the agreement of the Witness, and the fact that the Witness did not object to this Order shall not be considered or used against the Witness.

3. The Witness shall be sworn or affirmed according to the provisions of the *Ontario Evidence Act* and shall answer all proper questions put to the Witness in the examination by counsel for the Non-Settling Parties that are within the Witness's personal knowledge and are relevant and material to the matters identified in Appendix III to the Letters Rogatory and the allegations made and matters raised in the U.S. Action, as described in the Letters Rogatory. The validity of any objections shall be determined on application to this Court.

4. The examination of the Witness is to be conducted in accordance with the Ontario *Rules of Civil Procedure* and the ordinary rules of evidence of the Province of Ontario.

5. The Witness may refuse to answer objectionable questions or may refuse to give evidence only insofar as the Witness has a privilege or duty to refuse to give evidence under the laws of Canada or the United States of America. Legal counsel for the Witness shall be entitled to attend the examination of the Witness and shall have standing to object to questions on behalf of the Witness.

6. The evidence of the Witness shall be taken down and audio recorded by a certified court reporter duly appointed under the Ontario *Rules Civil Procedure*. The examination of the Witness may also be video recorded.

7. The evidence given by the Witness pursuant to this Order shall only be used in this Action or the U.S. Action, and not for any other purpose, and the Non-Settling Parties shall provide their separate written undertaking not to use, or seek to use, the evidence given by the Witness pursuant to this Order for any purpose other than in this Action or the U.S. Action.

8. The evidence given by the Witness shall be deemed to be compelled and subject to the protections of compelled testimony contained in the *Canada Evidence Act*, the *Canadian Charter of Rights and Freedoms,* and the *Ontario Evidence Act*.

00378783v1

- 3 -

9. At least ten business days prior to the examination of the Witness, the Non-Settling Parties shall provide counsel for the Witness: (1) the Non-Settling Parties' best estimate of the length of time required for the examination of the Witness; (2) the order in which the Non-Settling Parties will question the Witness; and (3) subject to receipt of a Modified Non-Disclosure Agreement (as that term is defined in the Letters Rogatory), any transcript of questioning or interview previously conducted of the Witness by the Alberta Securities Commission or the SEC.

10. To the extent practicable and on the basis of counsel's good faith best efforts, and further subject to receipt of a Modified Non-Disclosure Agreement (as that term is defined in the Letters Rogatory), the Non-Settling Parties shall provide in advance of the examination copies of records which the Non-Settling Parties anticipate putting to the Witness in the examination. If a record is put to the Witness that was not provided in advance of the examination, the Witness shall be afforded the opportunity to consult with legal counsel prior to answering questions about the record; provided, however, that the Witness's review time shall not be included in the time limits described above in paragraph 2.

11. The Witness shall receive a witness allowance in accordance with Tariff A, to the Ontario *Rules of Civil Procedure*.

12. In addition, after completion of the examination, the Witness may request from the Applicants reimbursement for the Witness's additional reasonable and substantiated out of pocket costs for attendance at the examination, if any; provided, however, that any claimed out of pocket costs shall not include claims for wages or vacation reimbursement. If the Applicants believe that the amount sought is unreasonable or unsubstantiated, the Applicants may decline the request in whole or in part. In that event, the Witness shall have the right to seek an order from this Court directing reimbursement of the amount sought, and the Applicants shall have the right to oppose such order.

13. The Non-Settling Parties shall pay the reasonable disbursement costs related to the examination, including the cost of the court reporter, the cost of reproducing the transcript, and, if applicable, the cost of video recording the examination.

14. There shall be no costs of this application.

_____
Justice of the Queen's Bench of Alberta

00378783v1