USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/24/18

**LANKLER SIFFERT & WOHL LLP**
ATTORNEYS AT LAW

500 FIFTH AVENUE
NEW YORK, N.Y. 10110-3398
WWW.LSWLAW.COM

TELEPHONE (212) 921-8399
TELEFAX   (212) 764-3701

July 23, 2018

Via ECF

**MEMORANDUM ENDORSED**

Honorable Gregory H. Woods
U.S. District Court for the Southern District of New York
500 Pearl Street, Room 2260
New York, NY 10007-1312

      Re: *U.S. Securities and Exchange Commission* v. *Penn West Petroleum Ltd., et al.*, 17 Civ. 4866-GHW (S.D.N.Y.)

Dear Judge Woods:

      We represent Defendants Jeffery A. Curran and Todd H. Takeyasu (collectively, "Defendants") in the captioned action and write for two purposes. *First*, we wish to apprise this Court that the Court of Queen's Bench in the Province of Alberta, Canada, issued orders on July 12, 2018 enforcing the Letters Rogatory signed on April 15, 2018 regarding the examination of 25 citizens of Canada.

      *Second*, we respectfully seek, for the reasons discussed below, a 20-week extension of the deadline for completion of fact depositions in this action, with a concomitant adjustment of the remaining dates in the Civil Case Management Plan and Scheduling Order (the "Case Management Plan") entered on September 5, 2017 (Dkt. 44) and revised on March 22, 2018 (Dkt. 80). A schedule of the current and proposed dates, along with a proposed revision of the Case Management Plan, are provided as Appendix A to this letter. This is the second request for an extension of time in this action. The Court granted the first request for an extension on March 22, 2018. (Dkt. 80.) Plaintiff U.S. Securities and Exchange Commission ("SEC") has authorized us to advise the Court that it takes no position on Defendants' request.

### Issuance of Orders Enforcing the Letters Rogatory

      As we have described in prior filings (Dkt. 77, 79), fact discovery in this action will include depositions of 36 individuals, all but one of whom are citizens of Canada. While certain individuals have agreed to be examined without resort to formal process, the issuance of letters rogatory and orders enforcing the letters rogatory were needed to enable the examination of 25 prospective witnesses. Upon Defendants' unopposed application, this Court issued letters rogatory directed to courts in the three Canadian provinces where the 25 witnesses resided.

      In applying for issuance of letters rogatory, Defendants described the parties' substantial and ongoing efforts to consult with counsel for the prospective witnesses to craft enforcement orders on terms that would be acceptable to the witnesses, and to obtain agreement of the witnesses who were residents of other provinces to submit to the jurisdiction of the Court of

**LANKLER SIFFERT & WOHL LLP**

Hon. Gregory H. Woods
July 23, 2018
Page 2

Queen's Bench in Alberta for purposes of the letters rogatory process. As Defendants explained, the ultimate goal was to enable a single Canadian court (rather than three separate courts) to enforce the letters rogatory, and to present that court with a proposed mechanism for enforcement that was unopposed by the 25 prospective witnesses so as to avoid the lengthy delay that would likely result from a contested application.

That goal was ultimately achieved, and an unopposed originating application regarding all 25 witnesses was filed with the Court of Queen's Bench in Alberta on June 15, 2018. In addition, Defendants sought and obtained leave to appear on the Queen's Bench Commercial List so that the application could be heard on an expedited timetable. A hearing was thereafter calendared for the first available date and held on July 12, 2018 before the Honourable Justice Keith Yamauchi of the Court of Queen's Bench. At the hearing, Justice Yamauchi granted Defendants' application and issued enforcement orders in the form requested. Copies of those orders appear in Appendix B to this letter.[1]

### Defendants' Proposed Schedule for Fact Depositions

As a result of those substantial and sustained efforts, a major obstacle to fact discovery in this cross-border action has now been removed. However, the production of documents needed by the parties to examine the 36 designated witnesses has proved to be challenging for Penn West and remains well behind schedule. Indeed, more than 3.8 million electronic images were produced by Penn West only within the past six weeks, with more than 1.5 million having arrived just last week. In addition, Penn West currently estimates that the production of previously requested documents will not be substantially complete for at least another 12 weeks and will involve no fewer than a million additional electronic images.[2]

That anticipated timetable is significantly different than it was when the parties wrote to the Court in March. At that time, the parties believed, based upon consultation with counsel for Penn West, that the company's remaining document production would begin in March and be substantially complete by mid-May. But, with immaterial exceptions, the remaining production

---

[1] As the enforcement orders reflect, 24 of the witnesses are to be examined in Calgary, and one is to be examined in Toronto, with the latter location reflecting an accommodation to a witness who recently relocated to Colombia. In addition, five other witnesses have agreed to be examined in Calgary without the need for letters rogatory, and negotiations are under way for a similar result with respect to a sixth witness with medical issues.

[2] The requested documents—most of which were sought by all parties to this action in requests that were formally made by the SEC on January 24 and February 26 and by Defendants on February 9—call for: (i) expanded searches of documents collected by Penn West during the investigation that preceded this action; (ii) the collection and searching of documents relating to additional individuals and time periods; and (iii) various other categories of documents that were not sought from Penn West prior to the commencement of this action. As of this writing, Penn West appears to have produced—albeit quite recently—documents in response to most of the requests made by the SEC (in which Defendants joined), but has yet to produce documents in response to most of the requests made by Defendants alone. Indeed, because of the prioritization Penn West followed in responding to document requests, it is not yet in a position to forecast the volume of documents responsive to many of Defendants' requests.

LANKLER SIFFERT & WOHL LLP

Hon. Gregory H. Woods
July 23, 2018
Page 3

did not begin until May 23 and, as noted above, is now expected to continue into mid-October. And although the parties do not doubt that Penn West has worked diligently to respond to their requests, the fact remains that many requested documents were produced only recently, and many more have yet to be produced.

Significantly, this is not an action in which the parties can expect another opportunity to elicit testimony from the 31 Canadian-based non-party witnesses. None of those witnesses can be compelled to appear in the U.S. for trial. As a result, the upcoming examinations are not merely fact discovery, but trial testimony as well, and will almost surely represent Defendants' only opportunity to examine the witnesses. Further still, the enforcement orders issued by Justice Yamauchi expressly require the examining parties to use "good faith best efforts . . . [to] provide in advance of the examination copies of records which the [parties] anticipate putting to the Witness in the examination." (App. B at ¶ 10.) That requirement, which was critical to many of the prospective witnesses in agreeing not to oppose Defendants' application before the Court of Queen's Bench, precludes the last-minute scramble that characterizes many U.S.-style depositions. It also underscores the need for affording the parties adequate time to review and analyze the voluminous and still incomplete record in this action.

Accordingly, Defendants seek an adjustment in the discovery schedule that balances the parties' collective desire to move forward as expeditiously as possible against their need for meaningful access to the relevant documents and the importance of not burdening dozens of Canadian witnesses with last-minute rescheduling of examination dates. Defendants thus respectfully request that the Court approve an extension of the discovery schedule that contemplates the following: (i) Penn West will complete its production of previously requested documents no later than October 26, 2018; (ii) Penn West will notify the parties and the Court no later than September 28, 2018 if that deadline cannot be met; (iii) the parties will in the interim continue preparation for depositions and will set in place an agreed-upon schedule with all fact witnesses for depositions commencing no later than November 28, 2018 and concluding no later than March 29, 2019; and (iv) the parties will further confer in the interim regarding the establishment of exhibit and examination protocols with the goal of ensuring that the Canadian examinations proceed as efficiently as possible and result in an orderly record for use in this action.[3]

Defendants stand ready to provide—either in writing or at a conference—any additional information that the Court would find helpful in considering Defendants' application.

---

[3] With respect to the lattermost, Defendants note that they have proposed and are in discussions with the SEC concerning a set of detailed draft protocols addressing, among other things: (i) the assembly of general categories of exhibits (*e.g.*, periodic filings, earnings call transcripts, etc.) as well as the assembly of exhibits specific to individual witnesses; (ii) procedures for marking those exhibits and making them electronically available, as needed, to individual witnesses in advance of examination; and (iii) procedures governing cross-referencing of exhibits with exhibits to investigative testimony.

**LANKLER SIFFERT & WOHL LLP**

Hon. Gregory H. Woods
July 23, 2018
Page 4

                                                                                 Respectfully,

| /s/ Richard F. Albert | /s/ Helen Gredd |
|---|---|
| Richard F. Albert | Helen Gredd |
| Jasmine Juteau | Charles T. Spada |
| Kevin Casey | Lise Rahdert |
| MORVILLO ABRAMOWITZ | Samantha Reitz |
| GRAND IASON & ANELLO P.C. | LANKLER SIFFERT & WOHL LLP |
| 565 Fifth Avenue | 500 Fifth Avenue |
| New York, New York 10017 | New York, New York 10110 |
| Tel: (212) 856-9600 | Tel: (212) 921-8399 |
| ralbert@maglaw.com | hgredd@lswlaw.com |
| jjuteau@maglaw.com | cspada@lswlaw.com |
| kcasey@maglaw.com | lrahdert@lswlaw.com |
|  | sreitz@lswlaw.com |
| *Counsel for Defendant Todd H. Takeyasu* | *Counsel for Jeffery A. Curran* |

cc:  All Counsel of Record (via ECF)

---

Application granted in part.  The Court finds that good cause exists to extend the discovery deadlines in this case.  Accordingly, the deadline for completion of all fact discovery, including fact depositions, requests to admit, and interrogatories, is extended to April 29, 2019.  The deadline for service of party-proponent expert disclosures is extended to June 3, 2019.  The deadline for service of party-opponent expert disclosures is extended to July 19, 2019.  The deadline for completion of expert discovery is extended to August 30, 2019.  The deadline for the filing of summary judgment motions is extended to October 4, 2019.  The status conference scheduled for May 2, 2019 is adjourned to September 12, 2019 at 4:00 p.m.  The joint status letter described in the Court's September 5, 2017 order (Dkt. No. 44) is due no later than September 5, 2019.  Except as expressly modified by this order, the Court's September 5, 2017 order remains in full force and effect.  The Court expects that the parties will work diligently to complete discovery within the time periods established herein.  The parties should not expect any further extensions of the discovery schedule.

SO ORDERED.

Dated:  July 24, 2018
New York, New York

                                                                    GREGORY H. WOODS
                                                               United States District Judge