USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/28/20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x
:
U.S. SECURITIES AND EXCHANGE :
COMMISSION, :
: Case No. 1:17 Civ. 4866-GHW
          Plaintiff, :
: ECF CASE
    v. :
:
PENN WEST PETROLEUM LTD., d/b/a :
OBSIDIAN ENERGY LTD., :
:
TODD H. TAKEYASU, :
:
JEFFERY A. CURRAN, :
:
    and :
:
WALDEMAR GRAB, :
:
          Defendants. :
-------------------------------------------------------x

**FINAL JUDGMENT OF DEFENDANT TODD H. TAKEYASU**

The Securities and Exchange Commission having filed a Complaint and Defendant Todd H. Takeyasu having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the remaining claims of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 13(b)(5) of the Securities

Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78m(b)(5)] by knowingly circumventing a system of internal accounting controls; knowingly failing to implement a system of internal accounting controls; or knowingly falsifying any book, record, or account described in Paragraph 2 of Section 13(b) of the Exchange Act [15 U.S.C. § 78m(b)(2)].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Rules 13b2-1 of the Exchange Act [17 C.F.R. § 240.13b2-1] by, directly or indirectly, falsifying, or causing to be falsified, any book, record, or account subject to Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. § 78m(b)(2)(A)].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Rule 13b2-2 of the Exchange Act [17 C.F.R. § 240.13b2-2] by directly or indirectly:

(a) making or causing to be made a materially false or misleading statement or omitting to state, or causing another person to omit to state, any material fact necessary in order to make statements made, in light of the circumstances under which such statements were made, not misleading, to an accountant in connection with (i) any audit, review, or examination of the financial statements of the issuer required to be made under subpart A of 17 C.F.R. Part 240; or (ii) the preparation or filing of any document or report required to be filed with the Commission pursuant to this subpart A or otherwise; or

(b) taking any action to coerce, manipulate, mislead, or fraudulently influence any independent public or certified public accountant engaged in the performance of an audit or review of the financial statements of that issuer that are required to be filed with the Commission pursuant to subpart A of 17 C.F.R. Part 240 or otherwise if that person knew or should have known that such action, if successful, could result in rendering the issuer's financial statements materially misleading.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay a civil penalty in the amount of $100,000 to the Securities and Exchange Commission pursuant to Section 21(d) of the Exchange Act [15 U.S.C. § 78u(d)].  Defendant shall make this payment within 30 days after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.   Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center

Accounts Receivable Branch

6500 South MacArthur Boulevard

Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Todd H. Takeyasu as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.  The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury. Defendant shall pay post-judgment interest

on any delinquent amounts pursuant to 28 USC § 1961.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall reimburse Penn West Petroleum Ltd., d/b/a Obsidian Energy, Ltd. ("Obsidian"), C$54,755, pursuant to Section 304(a) of the Sarbanes-Oxley Act of 2002, 15 U.S.C. § 7243(a). Defendant shall make this payment within 30 days after entry of this Final Judgment by wire transfer pursuant to confidential wire transfer instructions that Obsidian has provided to Defendant for the purpose of making such payments. Upon making such payment by wire transfer, Defendant promptly shall inform the Commission's counsel in this action, or shall cause the Commission's counsel promptly to be informed, in writing (i) that the payment was made by wire transfer, (ii) the date the payment was made, and (iii) the amount of the payment. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to Defendant. If Defendant fails to make this payment by the date specified above, all outstanding payments under this Final Judgment, including postjudgment interest, minus any payments made, shall become due and payable immediately without further application to the Court.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall not seek indemnification from Obsidian for the payments required by this Final Judgment.

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

IX.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: April 28, 2020

_____
UNITED STATES DISTRICT JUDGE